1. ACCOUNTING BY EXECUTRIX—"PERSON INTERESTED."
    Under Code Civ. Proc. §§ 2726, 2727, authorizing proceedings to compel settlement of an executor's accounts by a "person interested," a legatee whose legacy is payable on the death of executrix is a "person interested"; Id. § 2514, subd. 11, defining a person interested as including one entitled, either absolutely or contingently, to a share in an estate as legatee.

2. TRUSTS—ACTION FOR ACCOUNTING.
    The duty of a trustee to account for a fund being a continuing duty, the statute of limitations cannot be invoked by the trustee in an action for an accounting, where the trustee has never publicly renounced the trust.

In the matter of the estate of Isaac F. Jones, deceased. Application to require settlement of accounts of executors. Application granted.

D. Frank Lloyd, for petitioners.
John C. Gulick, for respondent.

THOMAS, S. The legacies to which the petitioners will become entitled on the death of the respondent, who is the daughter and surviving executrix of the testator, are not yet payable, but they are none the less "persons interested" in the estate (Code Civ. Proc. § 2514, subd. 11), and qualified to invoke the jurisdiction of this court to compel a judicial settlement of the accounts of the executrix (Id. §§ 2726, 2727). More than 27 years have elapsed since letters testamentary were granted to the respondent, and no judicial settlement of her accounts has been had or applied for, and no account has been presented to the court, except that in 1873 a statement of assets and disbursements was filed in this court by the executrix on the motion of the surrogate. The statute of limitations does not furnish a sufficient answer to the application. It is conceded that the respondent received assets as executrix under a trust obligation to apply the income to the support of herself and her mother during their joint lives, and to pay the corpus over to the ultimate legatees. This trust she has never publicly renounced or repudiated, but, on the contrary, she now fully admits it. A duty

of a trustee of every class, including executors, is to keep the trust estate safely, and to furnish reasonable information of his acts and doings to the parties in interest from time to time. The performance of this duty by an executor or administrator by means of an "intermediate accounting" may be required by this court under section 2725 of the Code of Civil Procedure, without a judicial settlement (Code Civ. Proc. § 2514, subd. 9), or by a judicial settlement of the account under sections 2726 and 2727. The duty to account on the application of a party interested in the fund is a continuing duty, and no statute of limitations can aid the trustee until, by some open act or declaration repudiating and denying all trust liability, a duty of diligence is cast upon the persons claiming right under the trust. Foster v. Town, 2 Dem. 335; In re Camp, 126 N. Y. 377, 389, 27 N. E. 799. If the legacy had become payable, and the time within which it could be enforced had expired, so that the statute had barred all remedy upon it, the legatee would no longer have been a "person interested" in the estate, and would not be in a position to demand an accounting as to property as to which he was a stranger, in the face of a plea of the statute; but no such facts are claimed in this case. The application for a judicial settlement of the account is granted, and the respondent is directed to file her account within 20 days after service of order.

Application granted, and respondent directed to file account within 20 days after service of order.